IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA MUHAMMAD,                              No. CIV S-08-0785-LKK-CMK-P

    Plaintiff,

  vs.                                                          ORDER

V.D. BRUMFIELD, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 15).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In the first amended complaint, plaintiff names the following four individuals as defendants:  Sisto, Brumfield, Miles, and Nasir.  Plaintiff claims that, from December 2006 through the present, defendants have "subjected plaintiff to hostility and abuse in adverse retaliation for plaintiff's efforts to practice his religious belief, like other religious belief at CSP-Solano."  He adds that "[s]aid conduct of defendants has included . . . depriving plaintiff right [to] order religious artifacts, to fast in the month of December in unity with members of Lost Found Nation of Islam, and order from Lost Found Nation of Islam [undecipherable]."  Plaintiff asserts three "Claims for Relief" as follows:  (1) "First Amendment Violation – Establishment Clause"; (2) Violation of Plaintiff Fourteenth Amendment Right of Due Process and Equal Protection"; and (3) "Violation of Plaintiff Human Rights of Freedom of Religion."

As to the four defendants named in the second amended complaint, plaintiff alleges:

    1.    On May 21, 2008, he was issued a pass to meet with defendants Miles and Nasir in response to an inmate grievance he had filed seeking permission to teach as an "inmate minister";

    2.    On July 15, 2008, defendant Miles was notified "regarding ongoing religious discrimination and deprivation of the Lost Found Nation of Islam" ;

2

3. On July 30, 2008, plaintiff received a "religious card" from defendant Nasir "who refused to place plaintiff religious belief on card";

4. On July 31, 2008, plaintiff spoke with defendant Miles who said he would order a new card; and

5. On August 4, 2008, plaintiff informed defendant Miles that 60 inmates wanted to participate in Lost Found Nation of Islam services.

Plaintiff does not offer any other specific factual allegations. The court notes that the specific allegations he does make all reference dates after this action was originally filed on April 14, 2008.

## II. DISCUSSION

The court dismissed the original complaint because plaintiff had not alleged facts to show a causal link between any of the named defendants and the violation of a constitutional or statutory right. In doing so, the court summarized plaintiff's allegations as follows:

> Plaintiff brings this action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff names the following as defendants: Brumfield, Miles, Nasir, and Sisto. Plaintiff states that he requested access to religious services for "Nation of Islam for Saturday and Sunday" and to "be allow" to teach specific religious doctrines. Plaintiff indicates that his request was granted at the first, second, and third levels, but that he is nonetheless being denied the right to practice his religious beliefs due to prison officials' "untrue and falsified statements with disregard for establish rules and regulations." Plaintiff seeks various forms of injunctive relief.
>
> * * *
>
> In the complaint, plaintiff confirms that he was informed that Chaplain Nasir is available to sponsor plaintiff's religious practice. He also states that, while his request to fast during the month of December was granted, he was not permitted to conduct separate services from those held for Nation of Islam members. Plaintiff adds:
>
>> Defendants prison guard Lieutenant Norris, Associate Warden J.D. Brumfield, Custody Captain M.B. Miles, and Muslim Chaplain Abdul R. Nasir has been systematically [denying] Plaintiff his right to religious artifacts, and Kosher/Halal food by the deliberate erroneous abuse of defendant Abdul R.

3

> Nasir. While other religious faith groups are allowed to practice there belief in worship observance and teaching, receive religious artifacts and offer prayer in congregation and with a fundamental disregard for the law and section 3of the Religious Land Use and Institutional Act of 2000. . . .
>
> Plaintiff asserts that defendants' conduct has resulted in a substantial burden on his religious experience.

The court advised plaintiff of the requirement of alleging facts to demonstrate a causal link:

> . . . To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The court provided plaintiff an opportunity to amend in order to set forth facts establishing a causal connection to either a constitutional or statutory violation. The court also provided plaintiff with the legal standards applicable to § 1983 free exercise claims under both the First Amendment and RLUIPA.

In the amended complaint, plaintiff still does not link the named defendants to the violation of any constitutional or statutory right. Meeting with defendants Nasir and Miles on May 21, 2008, does not give rise to any violation in and of itself. Similarly, receiving a "religious card" from defendant Nasir on July 30, 2008, does not show any liability. Providing defendant Miles with information on July 31, 2008, and August 4, 2008, likewise does not tend to show any liability. The closest plaintiff comes to asserting facts which could arguably give rise to liability is plaintiff's allegation that, on July 15, 2008, defendant Miles was notified of

"ongoing religious discrimination." However, he does not provide any specific as to the nature of this alleged religious discrimination or the knowledge of any defendant regarding such discrimination.

In addition, despite having been provided the applicable legal standards, plaintiff does not plead facts sufficient to show that the conduct of any defendant amounted to a substantial burden on the practice of his religion. As the court has advised plaintiff:

> Under both the First Amendment and RLUIPA, the prisoner bears the initial burden of establishing that the defendants substantially burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith. See Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997) (analyzing claim under First Amendment); see also Warsoldier[ v. Woodford], 418 F.3d 989, 994-95 (9th Cir. 2005) (analyzing claim under RLUIPA). While RLUIPA does not define what constitutes a "substantial burden," pre-RLUIPA cases are instructive. See Warsoldier, 418 F.3d at 995 (discussing cases defining "substantial burden" in the First Amendment context). To show a substantial burden on the practice of religion, the prisoner must demonstrate that prison officials' conduct ". . . burdens the adherent's practice of his or her religion by pressuring him or her to commit an act forbidden by the religion or by preventing him or her from engaging in conduct or having a religious experience which the faith mandates." Graham v. Commissioner, 822 F.2d 844, 850-51 (9th Cir. 1987). The burden must be more than a mere inconvenience. See id. at 851. . . .

Plaintiff has not alleged that any defendants' conduct either pressured him into committing an act forbidden by his religion or prevented him from engaging in conduct required by his religion.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint further, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that:

    1.    This action be dismissed;

    2.    Plaintiff motion for injunctive relief (Doc. 11) be denied as moot; and

    3.    The Clerk of the Court be directed to enter judgment of dismissal and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE